IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

WILLIAM R. PARTIN, M.D.,

    Plaintiff

V.                                              CASE NO. 4:20-cv-00185-SEB-DML

BAPTIST HEALTHCARE SYSTEM, INC.
d/b/a BAPTIST HEALTH FLOYD and
DANIEL J. EICHENBERGER, M.D.,

    Defendants

## **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants, Baptist Healthcare System, Inc. d/b/a Baptist Health Floyd ("Hospital") and Daniel J. Eichenberger, M.D. ("Eichenberger"), by counsel, for their Answer to Plaintiffs' Complaint now state:

### FIRST DEFENSE

1. They deny the material allegations contained in rhetorical paragraph 1.

2. They admit Dr. Partin has worked as a board-certified emergency medical physician in the emergency department at Hospital, lack knowledge or sufficient information with which to admit or deny the length of his employment at other facilities and deny the remaining material allegations contained in rhetorical paragraph 2.

3. They deny the material allegations contained in rhetorical paragraph 3.

4. They lack knowledge or sufficient information with which to either admit or deny Dr. Partin's citizenship or residency but deny the remaining material allegations contained in rhetorical paragraph 4.

5. They admit the material allegations contained in rhetorical paragraph 5.

6. They admit the material allegations contained in rhetorical paragraph 6.

7. They admit the material allegations contained in rhetorical paragraph 7.

8. They admit the material allegations contained in rhetorical paragraph 8.

9. They admit the venue is proper by deny the remaining allegations contained in rhetorical paragraph 9.

10. They lack knowledge or sufficient information to admit or deny the material allegations contained in rhetorical paragraph 10.

11. They admit that FEMA has had a written contract to serve as the exclusive provider of emergency medicine services at Hospital, lack knowledge or sufficient information with which to admit or deny the length or existence of other contracts and deny the remaining material allegations contained in rhetorical paragraph 11.

12. They admit that Dr. Partin maintained medical staff privileges at the Hospital but deny the remaining material allegations contained in rhetorical paragraph 12.

13. They lack knowledge or sufficient information with which to admit or deny the material allegations contained in rhetorical paragraph 13.

14. They admit that FEMA received a letter from Eichenberger on behalf of Hospital, a true and accurate copy of which is attached to Plaintiff's Complaint as Exhibit B, which speaks for itself, and they deny any incomplete, inconsistent and/or additional material allegations not specifically reflected in that letter and the remaining material allegations contained in rhetorical paragraph 14.

15. They admit that FEMA received a letter from Eichenberger on behalf of Hospital which speaks for itself, and they deny any incomplete, inconsistent and/or additional material

allegations not specifically reflected in that letter and the remaining material allegations contained in rhetorical paragraph 15.

16. They admit that FEMA received a letter from Eichenberger on behalf of Hospital which speaks for itself, and they deny any incomplete, inconsistent and/or additional material allegations not specifically reflected in that letter and the remaining material allegations contained in rhetorical paragraph 16.

17. They deny the material allegations contained in rhetorical paragraph 17.

18. They deny that Plaintiff has fully or completely quoted Hospital rules and regulations and further deny the remaining material allegations contained in rhetorical paragraph 18.

19. They deny the material allegations contained in rhetorical paragraph 19.

20. They deny the material allegations contained in rhetorical paragraph 20.

21. They deny the material allegations contained in rhetorical paragraph 21.

22. They admit that FEMA received a letter from Eichenberger on behalf of Hospital which speaks for itself and deny the remaining material allegations contained in rhetorical paragraph 22.

23. They admit that after receipt of the termination letter, representatives of FEMA met with Eichenberger and other Hospital administration and that Hospital decided not to change its course of action, but deny the remaining material allegations contained in rhetorical paragraph 23.

24. They are without knowledge or sufficient information to admit or deny the material allegations contained in rhetorical paragraph 24.

25. They deny the material allegations contained in rhetorical paragraph 25.

26. They deny the material allegations contained in rhetorical paragraph 26.

27. They deny the material allegations contained in rhetorical paragraph 27.

## COUNT I

28. They incorporate their answers and responses to rhetorical paragraphs 1-27 of Plaintiff's complaint as if set forth fully herein in response to rhetorical paragraph 28.

29. They admit that Hospital is required to comply with EMTALA but deny the incomplete statement of the law's obligations contained in the remaining material allegations contained in rhetorical paragraph 29.

30. They admit that Hospital is required to comply with EMTALA but deny the incomplete statement of the law's obligations contained in the remaining material allegations contained in rhetorical paragraph 30.

31. They deny the material allegations contained in rhetorical paragraph 31.

32. They deny the material allegations contained in rhetorical paragraph 32.

33. They deny the material allegations contained in rhetorical paragraph 33.

## COUNT II

34. They incorporate their answers and responses to rhetorical paragraphs 1-33 of Plaintiff's complaint as if set forth fully herein in response to rhetorical paragraph 34.

35. They deny the material allegations contained in rhetorical paragraph 35.

36. They deny the material allegations contained in rhetorical paragraph 36.

37. They deny the material allegations contained in rhetorical paragraph 37.

38. They deny the material allegations contained in rhetorical paragraph 38.

39. They deny the material allegations contained in rhetorical paragraph 39.

## COUNT III

40. They incorporate their answers and responses to rhetorical paragraphs 1-39 of Plaintiff's complaint as if set forth fully herein in response to rhetorical paragraph 40.

41. They deny the material allegations contained in rhetorical paragraph 41.

42. They deny the material allegations contained in rhetorical paragraph 42.

43. They deny the material allegations contained in rhetorical paragraph 43.

44. They deny the material allegations contained in rhetorical paragraph 44.

45. They deny the material allegations contained in rhetorical paragraph 45.

46. They deny the material allegations contained in rhetorical paragraph 46.

## COUNT IV

47. They incorporate their answers and responses to rhetorical paragraphs 1-46 of Plaintiff's complaint as if set forth fully herein in response to rhetorical paragraph 47.

48. They deny the material allegations contained in rhetorical paragraph 48.

49. They deny the material allegations contained in rhetorical paragraph 49.

50. They deny the material allegations contained in rhetorical paragraph 50.

## COUNT V

51. They incorporate their answers and responses to rhetorical paragraphs 1-50 of Plaintiff's complaint as if set forth fully herein in response to rhetorical paragraph 51.

52. They deny the material allegations contained in rhetorical paragraph 52.

53. They deny the material allegations contained in rhetorical paragraph 53.

54. They deny the material allegations contained in rhetorical paragraph 54.

55. They deny the material allegations contained in rhetorical paragraph 55.

## COUNT VI

56. They incorporate their answers and responses to rhetorical paragraphs 1-55 of Plaintiff's complaint as if set forth fully herein in response to rhetorical paragraph 56.

57. They deny the material allegations contained in rhetorical paragraph 57.

58. They deny the material allegations contained in rhetorical paragraph 58.

59. They deny the material allegations contained in rhetorical paragraph 59.

60. They deny the material allegations contained in rhetorical paragraph 60.

61. They deny the material allegations contained in rhetorical paragraph 61.

## COUNT VII

62. They incorporate their answers and responses to rhetorical paragraphs 1-61 of Plaintiff's complaint as if set forth fully herein in response to rhetorical paragraph 62.

63. They admit that FEMA received a letter from Eichenberger on behalf of Hospital which speaks for itself and deny the remaining material allegations contained in rhetorical paragraph 63.

64. They deny the material allegations contained in rhetorical paragraph 64.

65. They deny the material allegations contained in rhetorical paragraph 65.

66. They deny the material allegations contained in rhetorical paragraph 66.

67. They deny the material allegations contained in rhetorical paragraph 67.

68. They deny the material allegations contained in rhetorical paragraph 68.

## SECOND DEFENSE

Defendants hereby incorporate by reference all defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure, in order to preserve the same. Further, Defendant reserves all rights to

amend this Answer under FRCP 15, and/or file any cross claims under FRCP 13 and/or any Third Party Claims under FRCP 14 as discovery proceeds and evidence is developed in this matter.

### THIRD DEFENSE

The damages claimed by Plaintiff were caused by the fault of a non-party to this action, to wit: Floyd Emergency Medicine Associates, P.C.

### FOURTH DEFENSE

Plaintiff's claim for EMTALA violations fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE

Plaintiff's claimed damages based upon the lack of Hospital privileges status is barred by the doctrine of impossibility.

### SIXTH DEFENSE

Plaintiff's defamation claim is barred by the lack of publication.

### SEVENTH DEFENSE

Defendants are not liable for truthful statements about Plaintiff.

### EIGHTH DEFENSE

Defendants are entitled to immunity from Plaintiff's defamation claims under Indiana's Peer Review Statute, I.C. 34-30-15 et seq, and/or the Health Care Quality Improvement Act, 42 U.S.C. 11101 et seq.

### NINTH DEFENSE

Plaintiff's claim for breach of contract is barred by lack of privity and the fact that Plaintiff is not a third-party beneficiary of the contract at issue.

## TENTH DEFENSE

Plaintiff's claim for breach of contract is barred by the terms of the applicable by-laws and policies on which Plaintiff bases his breach of contract claim.

## ELEVENTH DEFENSE

Plaintiff's claim for breach of duty of good faith and fair dealing fails to state a cognizable claim under Indiana law.

## TWELFTH DEFENSE

Plaintiff is not qualified as an EMTALA whistleblower given the facts of this dispute.

## THIRTEENTH DEFENSE

Defendants did not commit any violation of EMTALA but rather investigated the patient's right to refuse to consent to Plaintiff's proposed medical treatment.

## FOURTEENTH DEFENSE

Defendants had no "improper motive" to commit an EMTALA violation but rather had the interest of the patient and the use of medical judgment in mind.

## FIFTEENTH DEFENSE

Defendants provided stabilizing treatment as ordered by Plaintiff.

## SIXTEENTH DEFENSE

Plaintiff's claims arising out of the EMTALA are subject to dismissal for failure to specify sufficient facts supporting such claims.

## SEVENTEETH DEFENSE

Plaintiff's claims for punitive damages may be limited or barred by application of Indiana Code 34-51-3-1 et seq. and applicable Indiana evidentiary standards.

<u>EIGHTEENTH DEFENSE</u>

Plaintiff has failed to join all necessary parties.

<u>NINETEENTH DEFENSE</u>

Plaintiff's prayer for attorney's fees is frivolous and fails to state a claim upon which such relief is permitted in Indiana.

<u>TWENTIETH DEFENSE</u>

Plaintiff has failed to state a claim for tortious interference as he fails to establish an qualifying, illegal act by Defendants.

<u>TWENTY-FIRST DEFENSE</u>

Plaintiff has an affirmative duty to mitigate his alleged damages and may have failed to do so which bars or reduces his recovery herein.

<u>TWENTY-SECOND DEFENSE</u>

Plaintiff's damages, if any, arising from his tortious interference claims are barred or reduced pursuant to the Indiana Comparative Fault Act.

<u>TWENTY-THIRD DEFENSE</u>

Defendants did not retaliate against Plaintiff for any alleged EMTALA report.

WHEREFORE, Defendants, Baptist Healthcare System, Inc. d/b/a Baptist Health Floyd ("Hospital") and Daniel J. Eichenberger, M.D. ("Eichenberger"), respectfully request that Plaintiff takes nothing by way of his Complaint, for his costs expended herein and for all other relief to which they are legally entitled.

Respectfully submitted,

WATERS, TYLER,
HOFMANN & SCOTT, LLC


By: /s/ Rodney L. Scott
     Rodney L. Scott, Atty. # 14650-49
     John R. Hofmann, Atty. # 29681-22
     *Counsel for Defendants*

## JURY DEMAND

Come now the Defendants, Baptist Healthcare System, Inc. d/b/a Baptist Health Floyd ("Hospital") and Daniel J. Eichenberger, M.D. ("Eichenberger"), by counsel, and respectfully request this Court to set this matter before a trial by jury.

Respectfully submitted,

WATERS, TYLER,
HOFMANN & SCOTT, LLC


By: /s/ Rodney L. Scott
     Rodney L. Scott, Atty. # 14650-49
     John R. Hofmann, Atty. # 29681-22
     *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that a copy of the foregoing was filed electronically on October 9, 2020.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system:

                Michael C. Merrick
                KAPLAN JOHNSON
                ABATE & BIRD, LLP
                710 W. Main Street, 4th Floor
                Louisville, KY 40202
                mmerrick@kaplanjohnsonlaw.com
                *Counsel for Plaintiff*

                        /s/ Rodney L. Scott
                        Rodney L. Scott, Atty. # 14650-49
                        John R. Hofmann, Atty. # 29681-22

WATERS, TYLER,
HOFMANN & SCOTT, LLC
1947 E. Spring Street
New Albany, IN  47150
T. (812) 949-1114
F. (812) 949-2189